JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REDBRICK VENTURES LTD., and PRIMESHIPPING INTERNATIONAL

## DEFENDANTS
CAC MARITIME LTD.

**(b)** County of Residence of First Listed Plaintiff: **British Virgin Islands**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Country of Panama**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles J. Potts, Briskman & Binion, P.C.
P.O. Box 43, Mobile, AL; (251) 433-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec. 1333
Brief description of cause:
Application for attachment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 22 FEB 2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

---------------------------------------------------------------------X

REDBRICK VENTURES LTD., and PRIMESHIPPING INTERNATIONAL

              Plaintiff,

-vs-

CAC MARITIME LTD.

              Defendant

---------------------------------------------------------------------X

Case No.

## VERIFIED COMPLAINT

Plaintiffs, REDBRICK VENTURES LTD. (hereinafter "Redbrick") and PRIMESHIPPING INTERNATIONAL (hereinafter "Primeshipping") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby files this Verified Complaint against Defendant CAC MARITIME LTD. (hereinafter "CAC" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendants is located in the Southern District of Alabama.

## THE PARTIES

3. At all times material hereto, Plaintiff, Redbrick, was and still is a foreign company organized under the laws of the British Virgin Islands.

4. At all times material hereto, Plaintiff, Primeshipping, was and still is a foreign company organized under the laws of the British Virgin Islands.

5. Upon information and belief, at all times material hereto, Defendant CAC, was and still is a foreign company organized under the laws of Panama.

## THE FACTS

6. At all times material hereto, Redbrick was the owner of the M/V OCEAN FORCE (hereinafter the "Vessel").

7. On or about December 13, 2020, Plaintiff entered into a charter party agreement wherein Plaintiff agreed to charter the Vessel to CAC. *A copy of the fixture recap and charter party is attached hereto as Exhibit 1.*

8. This time charter party agreement is a maritime contract.

9. Pursuant to the terms and conditions of the charter party, Defendant was under an obligation to pay for the use and hire of the vessel at a rate of USD 6,100 per day from the time and date of her delivery until the time and date of her redelivery. *See Exhibit 1.*

10. On or about December 13, 2020 the Vessel was delivered to CAC.

11. The Vessel currently remains on time charter to CAC and is currently in Wilmington, Delaware.

12. On orders of CAC, the Vessel was loaded with cargo bound for Haiti, however, for reasons unknown the cargo was not discharged on the Vessels arrival in Haiti as expected and instead the Vessel returned to Wilmington, Delaware.

13. Plaintiff's incurred estimated costs to sail to Haiti of approximately USD 121,000 and stevedoring costs of approximately USD 70,000 in Haiti.

14. The failure by Defendant to discharge is cargo in Haiti, is a breach of the charter party agreement and is expected to subject Plaintiffs to significant liability as a matter of contract under the bills of lading issued for the cargo.

15. In addition, Plaintiffs are also owed USD 176,290 for outstanding hire which remains due and owing for hire through February 26, 2021.  *A copy of the most recent statement of account for outstanding hire which remains due and owing is attached hereto as Exhibit 2.*

16. It is expected that the Vessel will remain on hire with CAC after February 26, 2021 and lead to a further hire invoice of USD 91,500.

17. Despite numerous requests for payment of the costs incurred to sail to Haiti and the outstanding hire payments due, Defendant has refused, neglected, and/or otherwise failed to submit payment which remains due and owing totaling USD 458,790 in violation of the time charter.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

18. Plaintiffs restate and re-allege paragraphs 1 – 17 in the above foregoing Verified Complaint.

19. Plaintiff's claim against Defendant for unpaid hire and additional chartering expenses is a maritime claim.  This is an ancillary proceeding to secure jurisdiction and security over Defendant.

20. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration.  It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

21. Plaintiff expects to recover the following amounts in arbitration from Defendant:

|   |   |   |
|---|---|---|
| A. | Unpaid Hire and Damages: | $458,790 |
|  | Estimated Interest for Principal Claim:<br>*2 years at 5.0 %, compounded quarterly* | $47,937.18 |
| C. | Estimated Arbitration Cost[1]: | $50,000 |
| D. | Estimated English Solicitor and Counsel Fees: | $100,000 |
|  | TOTAL: | $655,727.18 |

22. Plaintiff's total claim for unpaid hire and damages plus applicable interest, costs, and fees in the aggregate estimated to be no less than $ 655,727.18.

23. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Charles J. Potts is attached hereto as Exhibit 3*.

24. Notwithstanding, the Defendant has within the District tangible or intangible personal property in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to accounts, checks, payments held or which may be receivable by the said garnishees on behalf of the said Defendant.

25. More particularly Defendant has assets in the form of property in a bank account maintained at PNC Bank Corp. and property held by appointed brokerage and trading agents Stiegler Shipping Company Inc. ("Stiegler") in connection with the instant charter party.

26. Upon information and belief, Stiegler is a domestic company with an office at 1151 Hillcrest Road, Suite F, Mobile, Alabama 36695 subject to service of process as a garnishee in this

---

[1] The estimates are based on the anticipated costs and fees for this straightforward matter for this indisputable debt. Plaintiff reserves the right to seek additional security if necessary pursuant to, *inter alia*, Supplemental Rule B and Rule E.

matter. Based upon information and belief, Defendant has appointed Stiegler to act as their brokerage and trading agent for not only this Vessel but in respect of other vessels that may be fixed and/or operated by the Defendant.

27. It is likely the Stiegler has in its possession and/or control tangible or intangible property of Defendants including but not limited to funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the hire and calls of the Vessel and in respect of other vessels operated by the said Defendant under time charter, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment.

28. PNC Bank Corp. is a corporation found within the District with an address at 5133 Cottage Hill Road, Mobile, Alabama 36609 and subject to service of process as a garnishee in this matter.[2]

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the

---

[2] Due to ongoing stay-at-home orders, this branch location may be temporarily closed, operating with limited hours, or may limit the public access. Accordingly, service of process on garnishee may be attempted at any PNC branch that is open and will accept service of process.

Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

      C.     That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $655,727.18 and the proceeds of the assets attached be applied in satisfaction thereof;

      D.     That the Court grant Plaintiffs such other and further relief as it deems just, equitable and proper.

Dated: February 22, 2021
       Mobile, Alabama

                         Respectfully submitted

                         *s/Charles J. Potts*
                         CHARLES J. POTTS (POTTC0053)
                         *Attorney for Plaintiff's Redbrick Ventures Ltd. and Primeshipping International*
                         OF COUNSEL:
                         **BRISKMAN & BINION, P.C.**
                         Post Office Box 43
                         Mobile, Alabama 36601
                         T: (251) 433-7600
                         F: (251) 433-4485
                         cpotts@briskman-binion.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

-----------------------------------------------------------------------X

REDBRICK VENTURES LTD., and PRIMESHIPPING
INTERNATIONAL                                    Case No.

                              Plaintiff,

-vs-

CAC MARITIME LTD.

                              Defendant

-----------------------------------------------------------------------X

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Igor Urbansky, declare under the penalty of perjury:

1. I am a representative of REDBRICK VENTURES LTD. and authorized to act on the company's behalf.

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing are true and correct.

Date: February 19, 2021

_____
Igor Urbansky
Authorized Representative of Plaintiff
REDBRICK VENTURES LTD.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

---------------------------------------------------------------X
REDBRICK VENTURES LTD., and PRIMESHIPPING
INTERNATIONAL                                                    Case No.

                         Plaintiff,

-vs-

CAC MARITIME LTD.

                         Defendant
---------------------------------------------------------------X

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Olena Bogdan , declare under the penalty of perjury:

4. I am a representative of PRIMESHIPPING INTERNATIONAL and authorized to act on the company's behalf.

5. I have read the foregoing Verified Complaint and know the contents thereof; and

6. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing are true and correct.

Date: February 19, 2021

_____
Olena Bogdan
Authorized Representative of Plaintiff
PRIMESHIPPING
INTERNATIONAL