IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

-----------------------------------------------------------------------X

REDBRICK VENTURES LTD., and PRIMESHIPPING
INTERNATIONAL                                              Case No. 1:21-cv-00083

                              Plaintiff,

-vs-

CAC MARITIME LTD.

                              Defendant

-----------------------------------------------------------------------X

### MOTION FOR AN ORDER DIRECTING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

COMES NOW, Plaintiffs, REDBRICK VENTURES LTD. and PRIMESHIPPING INTERNATIONAL (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and respectfully requests this Honorable Court to issue an Order authorizing issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully pleads as follows:

### FACTUAL BACKGROUND

Plaintiff filed a Verified Complaint pursuant to 28 U.S.C. 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule B of the Admiralty Rules setting forth Plaintiff's claim for damages in the amount of no less than **USD 655,727.18**, inclusive of interest, costs and attorney fees. *See* DE 1. The allegations of Plaintiff's Verified Complaint state a *prima facie* admiralty claim under general maritime law, meet the conditions of Rule B, and are incorporated herein by reference. *Id*. Specifically, Plaintiff seeks to attach in the hands of third party garnishees the debts,

credits, and effects of the Defendants for their breach of maritime contracts for failure to pay hire and additional costs related to the M/V OCEAN FORCE. *Id.*

<b><u>POINTS AND AUTHORITIES</u></b>

I.     **HISTORIC PURPOSE OF MARITIME ATTACHMENT**

"Under Rule B . . . plaintiff may attach a defendant's property if four conditions are met: (1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment" *Vitol, S.A. v. Capri Marine, Ltd.*, 2011 U.S. Dist. LEXIS 132206, *5 (D. Md. 2011) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)); *see also* Fed. R. Civ. P. Supp. R. B.; *see also Wind Shipping Co. S.A. v. Novel Commodities S.A.,* 2013 U.S. Dist. LEXIS 100392, *2-3 (M.D. Pa. July 18, 2013); *Gulf Marine & Indus. Supplies, Inc. v. New Filipino Mar. Agencies, Inc.*, 2001 U.S. Dist. LEXIS 4475 (E.D. La. 2001) (citing *Admiralty Practice & Procedure*, § 21-2, p. 470).

Maritime attachment is a well-established remedy and Courts have universally recognized that the Rule B attachment remedy is necessary in the maritime world in order to bring maritime debtors to justice under circumstances where they would otherwise be able to avoid the judicial process altogether due to the transitory nature of their assets and their presence in jurisdiction where recovery is not only inconvenient, but impossible. *See e.g. STX PanOcean (UK) Co. Ltd v. Glory Wealth Shipping Pte. Ltd.,* 560 F.3d 127, 130 (2d. Cir. 2006) (citing *Aqua Stoli).* In reviewing the history of maritime attachment, District Judge Kaplan of the Southern District of New York held:

> Maritime attachment is a centuries-old remedy that antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation of the first U.S. Supreme Court Admiralty Rules in 1844. Admiralty Rule B, which codifies the law, is simply an extension of this ancient practice. The device exists for the benefit of merchants engaged in the far flung maritime trade, who face special risks in seeking legal redress against perpetrators of maritime injury who are likely to be peripatetic. ***Without it, defendants, their ships, and their funds easily could evade the enforcement of substantive rights of admiralty law***.

*Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.*, 335 F. Supp. 2d 441, 444 (S.D.N.Y. 2004) (Kaplan, J.). (internal citations omitted) (emphasis added); *see also Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F. Supp. 1459, 1462 (S.D. Tex. 1983)) ("Because the perpetrators of maritime injury are likely to be peripatetic . . . jurisdiction by attachment of property should be accorded special deference in the admiralty context" and accordingly, "maritime actors must reasonably expect to be sued where their property may be found.") (quoting *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne*, 605 F.2d 648 (2d Cir. 1979)).

## II.     ALL ELEMENTS OF RULE B HAVE BEEN MET

### 1.     <u>Plaintiff has Plead a Valid Prima Facie Admiralty Claim</u>

In the instant matter, Plaintiff submits that the requirements of Admiralty Rule B have been met, and respectfully asks the Court for an Order issuing a writ of maritime attachment for Defendants' property presently located within this judicial district, the tangible and intangible property including bank accounts located at PNC Bank Corp. and funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the hire and calls of the Vessel and in respect of other vessels operated by the said Defendant under time charter, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment held by Stiegler Sipping Company Inc. ("Stiegler") within this District. As set forth in Plaintiff's Verified Complaint, Plaintiff has a *prima facie*

admiralty claim against the Defendants as Plaintiff's claim is for the breach of certain maritime contracts. *See DE 1*

### 2. **<u>Defendants Cannot Be Found in the District</u>**

Regarding the second element, the Defendant cannot be found within the Southern District of Alabama for the purposes of Rule B. In support of its Verified Complaint, Plaintiff has filed the Affidavit of Attorney Charles J. Potts (*See* Compl. Ex. 3), averring that the Defendant cannot be found within the district pursuant to Rule B and the efforts undertaken to find and serve Defendant.

Specifically, Defendant is neither subject to the personal jurisdiction of this Court, nor can they be found for service of process within this District. Plaintiffs are informed and believe: that Defendant cannot be found within the Southern District of Alabama; that to Plaintiff's knowledge, none of the officers of Defendant are now within the Southern District of Alabama; that Defendant does not maintain offices or telephone listings in the Southern District of Alabama a; that Defendant us not incorporated or registered to do business in the Southern District of Alabama and, that Defendant does not have registered agents for the receipt of service of process in the State of Alabama. *See* Compl., Ex. 3, Potts Affidavit.

### 3. **<u>Defendants' Property Can Be Found in the District and Subject to Attachment</u>**

As set forth in the Verified Complaint, Plaintiff is informed and believes that Defendant has within the District bank accounts where property belonging to the Defendant is expected to be maintained in the hands of garnishee, PNC Bank Corp. Defendant Bank Account(s) is Subject to Rule B Attachment. There is no question that federal admiralty law regards a defendant's bank account as property subject to maritime attachment under Rule B. *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276, 2002 A.M.C. 2705 (2d Cir. 2002), *overruled on other grounds by Shipping*

*Corp. of India*, 585 F.3d 58 (2d Cir. 2009) (citing *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44, 46 (2d Cir. 1996). Furthermore, Stiegler has in its possession and/or control tangible or intangible property of Defendant located within this District including but not limited to funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the hire and calls of the Vessel and in respect of other vessels operated by the said Defendant under time charter, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment.

Plaintiff has submitted for the Court's consideration proposed ex parte Order of Maritime Attachment and Garnishment and a Proposed Writ of Maritime Attachment.

### 4. There is no Bar to the Rule B Attachment

Finally, there is no statutory or maritime bar to the attachment application.

### CONCLUSION

**WHEREFORE**, as all of the elements of Supplemental Rule B have been met, Plaintiffs, respectfully requests that this Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing any and all garnishees to garnish any tangible or intangible personal property in their possession, custody or control belonging to the Defendant located in the Southern District of Alabama, and to grant Plaintiffs such other and further relief as may be just, equitable and proper.

Dated: February 22, 2021
      Mobile, Alabama

                                  Respectfully submitted

                                  *s/Charles J. Potts*
                                  CHARLES J. POTTS (POTTC0053)
                                  *Attorney for Plaintiff's Redbrick Ventures Ltd. and Primeshipping International*
                                  OF COUNSEL:
                                  **BRISKMAN & BINION, P.C.**

Post Office Box 43
Mobile, Alabama 36601
T: (251) 433-7600
F: (251) 433-4485
cpotts@briskman-binion.com