IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REDBRICK VENTURES LTD, *et al.*, <br>     **Plaintiffs,** | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION 1:21-00083-KD-M <br> ) |
| CAC MARITIME LTD, <br>     **Defendant.** | ) <br> ) |

**ORDER**

This matter is before the Court on Plaintiffs' Verified Complaint (Doc. 1), Motion for the issuance of a Rule B writ of attachment and garnishment (Doc. 3), and Motion to Appoint Special Process Server (Doc. 5).[1]

**I.      Rule B Attachment & Garnishment**

Supplemental Admiralty Rule B(1)(a) states: "If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process."  Four prerequisites must be met by the plaintiff to secure a writ of attachment: 1) the plaintiff has a valid prima facie admiralty claim; 2) the defendant cannot be found within the district where the action is commenced; 3) the defendant's property may be found within the district; and 4) there is no statutory or general maritime law bar to attachment. *Servicio Marina Superior, LLC v. Matrix Int'l Ltd.*, 2009 WL 734114, at *6 (S.D. Ala.  Mar. 17, 2009) (citing *Aqua*

---

[1] Of note, in several instances Plaintiffs reference an "*ex parte* order of maritime attachment" however, the motion was not filed *ex parte* and thus, no order shall issue *ex parte*.

*Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 445 (2d Cir.2006), *overruled on other grounds).*

Plaintiffs filed a Verified Complaint alleging breach of contract against Defendant CAC Maritime Ltd (CAC), namely breach of a time charter contract related to the vessel M/V OCEAN FORCE and seeking $655,727.18 in damages. (Doc. 1). Based on same, Plaintiffs move "to attach in the hands of third party garnishees the debts, credits, and effects of the Defendant[] for their breach of maritime contracts for failure to pay hire and additional costs related to the M/V OCEAN FORCE." (Doc. 3 at 1-2). Specifically:

> Defendant[]' property presently located within this judicial district, the tangible and intangible property including bank accounts located at PNC Bank Corp. and funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the hire and calls of the Vessel and in respect of other vessels operated by the said Defendant under time charter, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment held by Stiegler S[h]ipping Company Inc. ("Stiegler") within this District.

(Doc. 3 at 3). Plaintiffs' proposed order adds further, to attach:

> all property, tangible or intangible, belonging to Defendant CAC MARITIME LTD comprised of debts, credits, or effects including but not limited to: bank accounts, checks, payments made to, held or which may be receivable by, the said garnishees on behalf of the said Defendants, disbursements for pilots, tugs, stevedoring services, port costs, and expenses related to hire and vessel calls, freights payable, monies, disbursement advances, goods or other services, documents of title, shares of stock or other financial instruments and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant, within this District in an amount up to USD $655,727.18 pursuant to Supplemental Rule B and the same be attached as may be found in the possession, custody or control of the garnishee(s) or which are found in the possession or control of specific garnishees, to wit: PNC Bank Corp. and Steigler Shipping Company Inc.....

(Doc. 3-1 at 1-2).

2

It appears that Plaintiffs seek attachment of the foregoing as security to recover a potential foreign arbitration award or judgment.[2]  This is valid prima facie admiralty claim.[3]  Additionally, per the Verified Complaint and affidavit of counsel Potts (Doc. 1-3 (Aff. Potts)), CAC cannot be found within the district, but property of CAC can -- namely bank accounts at PNC Bank and funds held by Stiegler Shipping Company.  Moreover, there is no statutory or maritime bar.

However, Plaintiffs appear to seek a Rule B Attachment and writ for not just the property held by PNC and Stielger presently but for "after acquired property" in the form of CAC's bank accounts and/or funds held by PNC Bank Corp. and/or Stiegler Shipping Company Inc. in the future ("held or which may be receivable by" and "as may be found in the possession, custody or control of the garnishee(s)").  This attachment then, is not limited to the accounts and/or funds *presently* held by these entities. "The plaintiff has the burden of justifying a continued attachment. Fed. R. Civ. P., Supp. R. E(4)(f)."  Willis v. Princess Cruise Lines, 2020 WL 5353984, *12 (C.D. Cal. May 29, 2020). Plaintiffs have not provided support for perpetual or after-acquired property attachment.  Additionally, for attachment to issue, a garnishee must technically be in possession of the property of a defendant at the time it receives service of an attachment order (i.e., there must be something to be attached) as Supplemental Admiralty Rule B(1)(a) specifies for attachment of

---

[2] Paragraph 22 of the relevant time charter contract (albeit a "working draft" version provided to the Court) provides that the parties shall arbitrate any dispute in connection with the contract.

[3] The purpose of a Rule B attachment is two-fold: "first, to gain jurisdiction over an absent defendant; and second, to assure satisfaction of a judgment." World Wide Supply OU v. Quail Cruises Ship Management, 802 F.3d 1255, 1261 (11th Cir. 2015) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 437–38 (2d Cir.2006)*, overruled on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir.2009)*).  Thus, a maritime attachment is designed to assure a defendant's appearance and to secure satisfaction if the suit is successful. Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. De Navegacion, 773 F.2d 1528, 1537 (11th Cir. 1985) (citing *Swift & Co. Packers v. Compania Colombiana del Caribe, S.A., 339 U.S. 684, 693 (1950).* Additionally, "a Rule B maritime attachment reaches all manner of assets because property suitable to an attachment consists of any form of the defendant's 'tangible and intangible' property." *The B, C, D's of the Admiralty Rules: Obtaining Security For Your Claims*, Gina M. Venezia, 27 U.S.F. Mar. L.J. 241, 250 (2014-2015).

a defendant's "tangible or intangible personal property—up to the amount sued for—<u>in the hands of</u> garnishees named in the process." (emphasis added). There is no way to predict if and or when *additional* CAC assets will be held by PNC or Stiegler. As such, no continuous Rule B Attachment and/or writ shall be granted. See e.g., [Cala Rosa Marine Co. v. Sucres Et Deneres Group, 613 F. Supp. 2d 426, 428-429 (S.D.N.Y. 2009)](#) (Rule B makes no provision for continuous service, authorization of continuous service circumvents the well-established prohibition against attaching "after-acquired property" of the defendant, and "the practice is disruptive to the .... banking industry ...[]"). As such, Plaintiffs' motion (Doc. 3) is **DENIED** as to that specific request.

However, the remainder of the requested Rule B Attachment appears proper under applicable law and thus Plaintiff's motion (Doc. 3) is **GRANTED** as to those CAC bank accounts and/or funds held by either PNC Bank Corp. and/or Stiegler Shipping Company Inc. as of the date of their receipt of this Order and the Attachment.

Therefore, it is **ORDERED** that the Clerk issue a Writ of Attachment against **PNC Bank Corp.** and **Stiegler Shipping Company Inc**. with regard to Defendant CAC Maritime Ltd.'s property presently located within this judicial district including the tangible and intangible property including bank accounts located at PNC Bank Corp. and funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the hire and calls of the Vessel and in respect of other vessels operated by the said Defendant under time charter, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment held by Stiegler.

## II.      Motion to Appoint Special Process Server

Supplemental Admiralty Rule B(1)(d)(ii) provides: "If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a

person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

Plaintiffs seek the Court's appointment of a special process server pursuant to Federal Rule of Civil Procedure 4(c)(3) and Rule B of the Supplemental Admiralty Rules; namely "[a] member of this [Briskman & Binion] law firm third-party process service, all of whom are over 18 years of age and not party to this action, will act as special process server to effect service of the Process of Maritime Attachment and Garnishment on Garnishees at any location within the District where service will be accepted." (Doc. 5 at 1). Plaintiffs add that in light of COVID-19 restrictions, they request permission to serve the order and attachment via verifiable electronic means including but not limited to facsimile or e-mail. (Id. at 2). Plaintiffs request further "[t]o avoid the need to repeatedly serve the garnishee, Plaintiffs respectfully seek leave, as embodied in the accompanying proposed order, for any writ served on a garnishee to be deemed effective and continuous throughout any given day." (Id.)

Fed.R.Civ.P. Rule 4.1(a) provides: "Process--other than a summons under Rule 4 or a subpoena under Rule 45--must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(l)." Rule 4(c) provides further that service may be effected by "[a]ny person who is at least 18 year of old and not a party[]" and that "[a]t the plaintiff's request, the court may order that service be made .....by a person specially appointed by the court…." Fed.R.Civ.P. Rules 4(c)(2)-(3). As such, this Court has discretion to authorize a non-Marshal to serve process as "specially appointed for that purpose." See, e.g., Francois v.

Washmonbo, Inc., 2008 WL 2694752, *2 (S.D. Fla. 2008) (service of writ of garnishment under Rule 4.1, authorized non-Marshal to serve writ of garnishment).

In the Court's discretion, the Court finds as follows.  The Court would not typically specially appoint an unidentified and unknown process server(s) to effect service under any circumstance.  However, case law indicates that such is permissible, and for a Rule B attachment and garnishment.  See, e.g., Nueva Seas AS v. USD 179, 092 by Truist Bank, 2020 WL 7078823, *1 (D.D.C. Dec. 3, 2020). As such, the Court **GRANTS** Plaintiff's motion to the extent it requests appointment of members of its firm, who "are over 18 years of age and not party to this action[]" as special process servers.  Service may be effected electronically.  Thus, it is **ORDERED** that the Court **SPECIALLY APPOINTS** a member of Plaintiffs' counsel's firm, Briskman & Binion, P.C., who is over 18 years old and not a party to the suit as a special process server for service of process of the maritime attachment and garnishment which is the subject of this Order (i.e., not a continuous appointment).

**DONE** and **ORDERED** this the **27th** day of **February 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**